David W. Duffy
Oles Morrison Rinker & Baker LLP
745 West Fourth Avenue, Suite 502
Anchorage, Alaska 99501-2136
Tel: (907) 258-0106
Fax: (907) 258-5519
Email: duffy@oles.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES for the use and benefit of BLUE TEE CORP., *dba* Brown-Strauss Steel, a Delaware corporation; and BLUE TEE CORP., *dba* Brown-Strauss Steel, individually,<br><br>Plaintiffs,<br><br>v.<br><br>ARCTIC SLOPE COMPLIANCE TECHNOLOGIES, INC., an Alaska corporation; SAFECO INSURANCE COMPANY OF AMERICA, a Massachusetts corporation; JPS STEEL, INC., a Montana corporation; and BRIAN BUCKENTIN, a resident of Montana.<br><br>Defendants. | Case No. 3:10-cv-_____ [___]<br><br>**MILLER ACT COMPLAINT** |

COMES NOW, Plaintiff the United States of America, for the use and benefit of Blue Tee Corp., *dba* Brown-Strauss Steel ("Use Plaintiff") and Plaintiff Blue Tee Corp. ("Brown-Strauss") in its own right, allege as follows:

Miller Act Complaint
*Blue Tee Corp. v. Arctic Slope Compliance Tech., Inc. et al.,* Case No. 3:10-cv-____[___] Page 1 of 12
12233.0002
Case 3:10-cv-00181-TMB Document 1 Filed 08/12/10 Page 1 of 12

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Use Plaintiff's Miller Act claim under 28 U.S.C. §§ 1331 and 1332, and supplemental jurisdiction over Plaintiff Brown-Strauss' common law claims under 28 U.S.C. § 1367.

2. Venue is proper in this Court under 40 U.S.C. §§ 3133 and 1391 because the work out of which this dispute arises was performed in Anchorage, Alaska. Pursuant to Local Rule 3.3, this action should be assigned to the Anchorage Division.

## APPLICABLE LAW

3. Issues related to Use Plaintiff's rights and remedies under the Miller Act are controlled by federal law, whereas Alaska law controls the interpretation of Miller Act subcontract disputes. The substantive law of Alaska applies to Brown-Strauss' common law claims.

## PARTIES

4. Blue Tee Corp, *dba* Brown-Strauss Steel ("Brown-Strauss") is a Delaware corporation with business offices in Aurora, Colorado and other regional locations in the Lower 48, and is in all ways qualified to maintain this action.

5. Defendant Arctic Slope Compliance Technologies, Inc. ("ASCT") is an Alaska corporation whose principal place of business is in Anchorage, Alaska. ASCT's registered agent is Deliso Moran Geraghty & Zobel, P.C., whose mailing address is 943 W. 66th Ave., Anchorage, Alaska 99501.

Miller Act Complaint
*Blue Tee Corp. v. Arctic Slope Compliance Tech., Inc. et al.,* Case No. 3:10-cv-____[___] Page 2 of 12
12233.0002
Case 3:10-cv-00181-TMB   Document 1   Filed 08/12/10   Page 2 of 12

6. Defendant Safeco Insurance Company of America ("Surety") is a company engaged in the business of issuing surety bonds within the State of Alaska and elsewhere.

7. JPS Steel, Inc. ("JPS Steel") is a Montana corporation whose principle place of business is in Lewiston, Montana. JPS Steel's registered agent is Brian Buckentin, whose address is 18 Brookville Lane, Lewiston, Montana, 95457.

8. Brian Buckentin is a resident of the State of Montana and is a principal of JPS Steel.

## FACTUAL ALLEGATIONS

9. This dispute arises out of a federal government construction project located at Elmendorf Air Force Base in Anchorage, Alaska, more specifically identified as the "AK ANG Operations and Training Facility" (Contract No. W91ZRU-09-C-002 / ANG Project FXSBO69018) ("Project").

10. ASCT was the prime contractor for the Project. The owner of the Project is the United States government. Upon information and belief, the contract required ASCT to furnish all labor and materials and perform all work required to build the Project in exchange for payment of approximately seven million dollars.

11. As required by ASCT's contract with the government and applicable laws, ASCT as principal, and Safeco Insurance Company of America, as surety, executed and delivered a payment bond No. 8015 (the "Miller Act Bond") to the government for the Project in the penal sum of $6,909,500 on or about April 20, 2009. The government accepted said Miller Act Bond, attached hereto as Exhibit A.

Miller Act Complaint
*Blue Tee Corp. v. Arctic Slope Compliance Tech., Inc. et al.,* Case No. 3:10-cv-____[___] Page 3 of 12
12233.0002
Case 3:10-cv-00181-TMB   Document 1   Filed 08/12/10   Page 3 of 12

12. Following the government's award of the Project's prime contract to ASCT in April or May of 2009, ASCT thereafter contracted with JPS Steel to furnish labor, equipment, materials and services related to the fabrication of architectural and structural steel called for by the Project's contract documents.

13. On September 3 and 4, 2009, JPS Steel placed its first orders with Brown-Strauss for steel required for fabrication under JPS Steel's contract with ASCT. On September 10, 2009, Brown-Strauss invoiced JPS Steel in the amount of $19,694.06 (Invoice Nos. 063484-85). JPS Steel paid Brown-Strauss in full for these invoices.

14. Thereafter, JPS Steel placed approximately 16 additional orders for steel with Brown-Strauss, the last of which occurred on or about December 11, 2009. Brown-Strauss made its last shipment of steel for the Project on or about December 15, 2009. Brown-Strauss timely invoiced JPS Steel for such orders, whose total principal amount was approximately $57,917, plus interest at the contractual rate of 1.5%.

15. On September 16, 2009, Brown-Strauss' claim filing service filed a notice entitled, "Notice of Right to Lien for Furnishing Labor Materials or Equipment," (attached hereto as Exhibit B) containing the following language under the subheading, "Notice to Federal Entity or Agency…

> This is not a lien. This is not a reflection on the integrity of any contractor or subcontractor. The undersigned has entered into a contract to perform labor or furnish materials for the above-described public project, and will look to you and your sureties for payment if the person ordering such materials and labor fails to pay for them.

Miller Act Complaint
*Blue Tee Corp. v. Arctic Slope Compliance Tech., Inc. et al.,* Case No. 3:10-cv-____[___]  Page 4 of 12
12233.0002
Case 3:10-cv-00181-TMB   Document 1   Filed 08/12/10   Page 4 of 12

16. Upon information and belief, JPS Steel submitted applications for progress payments from ASCT in September and October for a total amount of approximately $125,000. Although a retainage of $15,300 was initially held by ASCT, this amount was released to JPS Steel sometime in November 2009. ASCT's last payment to JPS Steel was issued on December 4, 2009 without any withholding or retainage.

17. In connection with ASCT's last payment to JPS Steel, JPS Steel signed a "Verified Lien Release and Certificate of Payment, attached hereto as Exhibit C. In this instrument JPS Steel certified that "all persons … furnishing labor, employee benefits, materials, equipment, and/or professional services in connection with the Project, at the request of and for or on behalf of [JPS Steel], have or will be paid in full through [October 2009] … from funds already received or to be received from [ASCT] this payment." Exhibit C, p. 1, ¶ 1 (emphasis added). Despite such certification, JPS Steel failed to pay Brown-Strauss. No prior or subsequent releases are known to exist.

18. On or about January 15, 2010, Brown-Strauss provided informal notice to ASCT that JPS Steel had not paid Brown-Strauss for any steel it supplied to the Project.

19. On February 11, 2010 Brown-Strauss provided ASCT with formal notice of its claim under the Miller Act, attached hereto as Exhibit D.

20. On February 19, 2010, ASCT acknowledged Brown-Strauss' notice of its claim under the Miller Act, but disputed the legal basis upon which such claim was made. ASCT argued, *inter alia*, that JPS Steel was a first-tier supplier and therefore Brown-Strauss, as a second-tier supplier is not protected by the Miller Act. A genuine dispute exists as to this legal issue.

Miller Act Complaint
*Blue Tee Corp. v. Arctic Slope Compliance Tech., Inc. et al.,* Case No. 3:10-cv-____[___]   Page 5 of 12
12233.0002
Case 3:10-cv-00181-TMB   Document 1   Filed 08/12/10   Page 5 of 12

21. In connection with its interpretation of the Miller Act, ASCT requested Brown-Strauss to withdraw its Miller Act claim, upon which ASCT promised that it would assist Brown-Strauss recover monies due from JPS through proceedings available under the DFAR and FAR, plus issuing notification to the government that future payments to JPS Steel will be withheld until Brown-Strauss is paid.

22. Upon information and belief, JPS Steel's performance under its subcontract with ASCT lagged sometime during or after December 2009, but such problems were unknown to Brown-Strauss at the time. Brown-Strauss' last shipment to JPS Steel was made on December 15, 2009. Brown-Strauss invoiced JPS Steel on that same day. Subsequent invoices were sent to JPS Steel on December 31, 2009 and January 29, 2010, yet no payment was ever received.

23. Upon information and belief, ASCT terminated its contractual relationship with JPS Steel in March 2010 for non-performance and sought alternative sources for the fabricated steel remaining under JPS Steel's contract. Despite its earlier promises, ASCT failed to initiate proceedings under applicable federal acquisition regulations to recover monies due to Brown-Strauss from JPS Steel.

24. Despite repeated demands for payment, Brown-Strauss has not been paid and a principal amount of $57,917.35 remains due and owing, plus interest, costs and reasonable attorneys' fees.

25. At all relevant times, Brown-Strauss timely performed all conditions required by JPS Steel and the contract documents, and all materials supplied by Brown-

Miller Act Complaint
*Blue Tee Corp. v. Arctic Slope Compliance Tech., Inc. et al.,* Case No. 3:10-cv-____[___]   Page 6 of 12
12233.0002

Case 3:10-cv-00181-TMB   Document 1   Filed 08/12/10   Page 6 of 12

Strauss were accepted by ASCT and the government for incorporation into the Project without exception.

26. No dispute exists that JPS Steel failed to make any payment to Brown-Strauss for any materials supplied to the Project.

27. No dispute exists that ASCT paid JPS Steel for all steel Brown-Strauss supplied to the project through October 22, 2009.

28. After October 22, 2009, Brown-Strauss continued to furnish JPS Steel with materials for this Project. Upon information and belief, such materials were fabricated by JPS Steel then accepted by ASCT for incorporation into the project without exception, yet, ASCT did not pay JPS Steel for such work. As a result, ASCT is believed to have enjoyed the benefit of some materials supplied by Brown-Strauss without payment to either JPS Steel or Brown-Strauss.

29. Despite ASCT's offers to assist Brown-Strauss recover monies owed by JPS Steel, ASCT has refused to make Brown-Strauss whole, whether by joint check or otherwise.

30. Prior to 2009, JPS Steel and Brown-Strauss' enjoyed a well established business relationship. On May 31, 2005, JPS Steel applied for and received a $10,000 line of credit from Brown-Strauss for materials purchased on account. In connection with its credit application, JPS Steel promised to pay a service charge of one and one half percent (1.5%) per month on delinquent balances over 30 days; and to pay for reasonable costs and attorneys' fees related to collection of unpaid debts. Exhibit E.

Miller Act Complaint
*Blue Tee Corp. v. Arctic Slope Compliance Tech., Inc. et al.,* Case No. 3:10-cv-____[___]   Page 7 of 12
12233.0002

Case 3:10-cv-00181-TMB   Document 1   Filed 08/12/10   Page 7 of 12

31. In connection with JPS Steel's 2005 application for a line of credit, Mr. Buckentin personally signed a "Continuing Guarantee" agreement with Brown-Strauss that covers "all sums of money due and owing to Brown-Strauss Steel on account of sales to our firm as of the date hereof." Exhibit E at p.2. This personal guarantee remains in full force and effect today.

## COUNT ONE
## (MILLER ACT CLAIM)

32. Paragraphs 1 through 31 are here incorporated by reference as full set forth above.

33. Use Plaintiff is among the class of persons entitled to protection under the Miller Act, 40 U.S.C. §1333.

34. Use Plaintiff supplied materials to subcontractor JPS Steel in prosecution of its work on the Project. Such materials were required by ASCT's contract with the government.

35. More than 90 days, but less than one year, have elapsed form the time on which Use Plaintiff last provided materials to the Project.

36. Use Plaintiff has not been paid for materials it supplied to the Project.

37. Use Plaintiff had a good faith belief that such materials were intended for the specified work.

38. Safeco Insurance Company of America is therefore liable to Use Plaintiff under the Miller Act in an amount to be proven at trial.

Miller Act Complaint
*Blue Tee Corp. v. Arctic Slope Compliance Tech., Inc. et al.,* Case No. 3:10-cv-____[___]   Page 8 of 12
12233.0002
Case 3:10-cv-00181-TMB   Document 1   Filed 08/12/10   Page 8 of 12

## COUNT TWO
### (UNJUST ENRICHMENT CLAIMS)

39. Paragraphs 1 through 38 are here incorporated by reference as full set forth above.

40. JPS Steel requested Brown-Strauss to furnish architectural and structural steel materials for use and incorporation into the Project.

41. In furnishing such steel to the Project, Brown-Strauss conferred a benefit to both ASCT and JPS Steel, but did not act as a volunteer or intermeddler and expected compensation for its work.

42. In September 2009, Brown-Strauss provided notice of its expectation to be paid for all materials it supplied to the Project, whether by JPS Steel, ASCT or its surety.

43. Upon information and belief, ASCT paid JPS Steel for materials supplied by Brown-Strauss before October 22, 2009, but not after that date. Brown-Strauss continued to supply materials which benefited the project until December 15, 2009, yet was not paid for its work.

44. Both ASCT and JPS Steel had actual knowledge that Brown-Strauss expected compensation for its work and materials which benefited the Project, yet despite Brown-Strauss' demands, JPS Steel and ASCT have failed to pay Brown-Strauss for the reasonable value of its work.

45. JPS Steel's acceptance and continued retention of payment from ASCT makes it inequitable under the circumstances for JPS Steel to retain such benefits without paying Brown-Strauss the reasonable value thereof.

Miller Act Complaint
*Blue Tee Corp. v. Arctic Slope Compliance Tech., Inc. et al.,* Case No. 3:10-cv-____[___] Page 9 of 12
12233.0002
Case 3:10-cv-00181-TMB   Document 1   Filed 08/12/10   Page 9 of 12

46. ASCT's acceptance and retention of materials supplied by Brown-Strauss after October 22, 2009 makes it inequitable under the circumstances for ASCT to retain such benefits without paying Brown-Strauss the reasonable value thereof.

47. As a result, Brown-Strauss has been damaged and JPS Steel and ASCT, whether jointly and/or severally, have been unjustly enriched in an amount to be proven at trial.

## COUNT THREE
## (BREACH OF CONTRACT CLAIMS)

48. Paragraphs 1 through 47 are here incorporated by reference as fully set forth above.

49. By placing orders for specific steel materials under its account with Brown-Strauss, and Brown-Strauss' acceptance of such orders, JPS Steel breached its contractual obligations to pay Brown-Strauss for materials received.

50. JPS Steel further breached its line of credit agreement with Brown-Strauss by its failure to timely pay for materials purchased, plus interest for past due amounts at the rate established by the 2005 credit line agreement.

51. Brian Buckentin, as personal guarantor of JPS Steel's debts to Brown-Strauss, breached this agreement by his failure to make timely payment for steel sold to JPS Steel.

52. For such breaches of contract, Brown Strauss is entitled to recover from JPS Steel and Brian Buckentin, whether jointly and/or severally, in an amount which exceeds $60,000, the exact amount to be proven at trial.

Miller Act Complaint
*Blue Tee Corp. v. Arctic Slope Compliance Tech., Inc. et al.,* Case No. 3:10-cv-____[___] Page 10 of 12
12233.0002
Case 3:10-cv-00181-TMB   Document 1   Filed 08/12/10   Page 10 of 12

# COUNT FOUR
## (BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

53. Paragraphs 1 through 52 are here incorporated by reference as fully set forth above.

54. Under Alaska law, the implied covenant of good faith and fair dealing prevents each party to a contract from doing anything that will injure the right of the other to receive the benefit of the agreement.

55. JPS Steel's placement of orders for steel under its account with Brown-Strauss, and its line of credit agreement formed the basis of Brown-Strauss' expectations to be paid within a reasonable time following delivery of materials to JPS Steel.

56. Having accepted Brown-Strauss' materials without exception and despite having been paid, JPS Steel's failure to pay Brown-Strauss has injured Brown-Strauss' right to receive the benefit of its bargain.

57. As a result, JPS Steel has breached its implied duty of good faith and fair dealing without legal excuse or justification.

58. Because of such breach, Brown-Strauss has suffered damages in excess of $60,000, the exact amount to be proven at trial.

## PRAYERS FOR RELIEF

WHEREFORE, The United States of America, for the use and benefit of Blue Tee Corp., *dba* Brown-Strauss, and Brown-Strauss in its own right, pray for the following relief:

Miller Act Complaint
*Blue Tee Corp. v. Arctic Slope Compliance Tech., Inc. et al.,* Case No. 3:10-cv-____[___] Page 11 of 12
12233.0002
Case 3:10-cv-00181-TMB   Document 1   Filed 08/12/10   Page 11 of 12

1. For judgment against Defendant Safeco Insurance Company of America under Count I above in an amount to be proven at trial.

2. For judgment against Defendants ASCT and JPS Steel, jointly and severally, for the amounts due and owing Brown-Strauss under Count Two above, plus interest, actual legal costs, and reasonable attorneys' fees in an amount to be proven at trial.

3. For judgment against Defendant JPS Steel and Brian Buckentin, jointly and severally for the amounts due and owing Brown-Strauss under Count Three above, plus interest, actual legal costs, and reasonable attorneys' fees in an amount to be proven at trial.

4. For Judgment against Defendant JPS Steel, for the amounts due and owing Brown-Strauss under Count Four above, plus interest, actual legal costs, and reasonable attorneys' fees in an amount to be proven at trial.

5. For such other relief as the Court may deem just, proper and equitable under the circumstances.

DATED this ___ day of July, 2010.

OLES MORRISON RINKER & BAKER LLP
Attorneys for Plaintiffs

By: s/David W. Duffy
745 W. 4th Ave., Suite 502
Anchorage, AK 99501
Phone: (907) 258-0106
Fax: (907) 258-5519
Email: duffy@oles.com
Alaska Bar No. 0605016

4826-5251-9430, v. 2

Miller Act Complaint
*Blue Tee Corp. v. Arctic Slope Compliance Tech., Inc. et al.,* Case No. 3:10-cv-____[___] Page 12 of 12
12233.0002
Case 3:10-cv-00181-TMB   Document 1   Filed 08/12/10   Page 12 of 12